# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR L. BENITEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>SIERRA CONSERVATION CENTER, WARDEN, *et al.*,<br><br>   Defendants. | Case No.  1:21-cv-00370-BAM (PC)<br><br>ORDER STRIKING UNSIGNED FIRST AMENDED COMPLAINT<br>(ECF No. 8)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br>(ECF No. 9) |

   Plaintiff Edgar L. Benitez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff initiated this action on March 10, 2021.  The complaint has not yet been screened.

   Currently before the Court are Plaintiff's first amended complaint and a motion for the appointment of counsel, both filed March 25, 2021.  (ECF Nos. 8, 9.)

**I.   First Amended Complaint**

   Plaintiff's first amended complaint is not signed.  Both the Federal Rules of Civil Procedure and this Court's Local Rules require that all filed pleadings, motions and papers be signed by at least one attorney of record or by the party personally if the party is unrepresented. Fed. R. Civ. P. 11(a); Local Rule 131(b).  As Plaintiff's first amended complaint is unsigned, the Court must strike it from the record.  The original complaint filed March 10, 2021, (ECF No. 1),

1  will remain the operative complaint in this action unless or until Plaintiff files an amended
2  complaint which includes Plaintiff's signature.
3      Plaintiff's complaint will be screened in due course.

4  **II.     Motion for the Appointment of Counsel**

5      In his motion, Plaintiff states that he is unable to afford counsel, the issues in this case are
6  complex, and because Plaintiff is housed in a conservation camp, he has no access to the law
7  library.  (ECF No. 9.)  In addition, Plaintiff states that through the discovery process he will
8  request confidential CDCR memos, documents, and medical records that he will be restricted
9  from viewing due to CDCR policies.  (Id.)

10     Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.
11 Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954
12 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28
13 U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298
14 (1989).  However, in certain exceptional circumstances the court may request the voluntary
15 assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

16     Without a reasonable method of securing and compensating counsel, the Court will seek
17 volunteer counsel only in the most serious and exceptional cases.  In determining whether
18 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
19 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
20 complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

21     The Court has considered Plaintiff's request, but does not find the required exceptional
22 circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has
23 made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
24 This Court is faced with similar cases filed by prisoners who are proceeding *pro se* almost daily.
25 Many of these prisoners also have limited access to prison law libraries and are unable to afford
26 counsel.  These litigants also conduct legal research and litigate their cases without the
27 assistance of counsel.
28 ///

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not yet been screened to determine whether it states any cognizable claims.  There are currently no pending deadlines which require Plaintiff to take any action or conduct any research in an institution's law library.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

**III.    Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint, filed March 25, 2021, (ECF No. 8), is STRICKEN from the record for lack of signature; and
2. Plaintiff's motion for the appointment of counsel, (ECF No. 9), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:    **March 26, 2021**              /s/ *Barbara A. McAuliffe*         
                                                        UNITED STATES MAGISTRATE JUDGE